UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>            v.<br><br>JEFFERY MONTGOMERY,<br>DOMINICK BLYDEN,<br>ERIC SANTANA, and<br>JENKENS BOULOUTE,<br><br>            *Defendants*. | **Protective Order**<br><br>**24 Cr. 479 (LTS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

3. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

4. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

 a. The defendants;

 b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

 c. Prospective witnesses for purposes of defending this action.

### Other Provisions

5. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All

filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

6. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Getzel Berger*                     Date: 9/13/2024
Getzel Berger
Assistant United States Attorney


SO ORDERED:

Dated: New York, New York
        September 16, 2024

                                        /s/ Laura Taylor Swain
                                        THE HONORABLE LAURA TAYLOR SWAIN
                                        CHIEF UNITED STATES DISTRICT JUDGE

## Consent to Entry of Protective Order

I, Amy Gallicchio, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Montgomery, et al.*, 24 Cr. 479 (LTS), and I consent to the entry of the Order on behalf of my client, Jeffery Montgomery.

*Amy Gallicchio*
_____
Amy Gallicchio, Esq.
Attorney for Jeffery Montgomery

**Consent to Entry of Protective Order**

I, Jacob Kaplan, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Montgomery, et al.*, 24 Cr. 479 (LTS), and I consent to the entry of the Order on behalf of my client, Dominick Blyden.

_____
Jacob Kaplan, Esq.
Attorney for Dominick Blyden

**Consent to Entry of Protective Order**

I, Kristen Santillo, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Montgomery, et al.*, 24 Cr. 479 (LTS), and I consent to the entry of the Order on behalf of my client, Eric Santana.

*Kristen Santillo*
_____
Kristen Santillo, Esq.
Attorney for Eric Santana

**Consent to Entry of Protective Order**

I, Lisa Scolari, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Montgomery, et al.*, 24 Cr. 479 (LTS), and I consent to the entry of the Order on behalf of my client, Jenkens Bouloute.


_____       /s/ Lisa Scolari_____
Lisa Scolari, Esq.
Attorney for Jenkens Bouloute