**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*Tamara L. Giwa*
Executive Director

*Jennifer L. Brown*
Attorney-in-Charge

August 22, 2025

**VIA ECF AND EMAIL**
Honorable Chief Judge Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Jeffery Montgomery**          **MEMO ENDORSED**
      24 Cr. 479 (LTS)

Dear Chief Judge Swain:

    I write, with the consent of the Government and Pretrial Services, to respectfully request that the Court modify the conditions of Mr. Montgomery's bail to remove the condition of home detention and replace it with a curfew condition, with hours and technology to be set by Pretrial Services.

    On December 12, 2024, Magistrate Judge Tarnofsky imposed bail conditions that were agreed upon by the parties, including the following: a $50,000 personal recognizance bond to be cosigned by two financially responsible persons; travel restricted to the Southern and Eastern Districts of New York and the District of New Jersey; pretrial supervision as directed by Pretrial Services; home detention with location monitoring technology as directed by Pretrial Services; that Mr. Montgomery continue or seek employment; and the surrender of travel documents with no new applications. At the time, Mr. Montgomery was in the custody of New Jersey state authorities for a related and pending matter. Judge Tarnofsky ordered that on the first business day after release from confinement in New Jersey, Mr. Montgomery must report to Pretrial Services in SDNY. Mr. Montgomery was released by New Jersey authorities on May 20, 2025, and reported to Pretrial Services in SDNY on May 21, 2025, where he was fitted with an ankle monitor and placed on home detention. On July 31, 2025, Mr. Montgomery appeared before the Court and pleaded guilty pursuant to a plea agreement to Count Two of the Indictment. Sentencing is scheduled for December 3, 2025.

Mr. Montgomery has now been on home detention for three months. He has fully complied with the conditions of his release. Although he has not yet secured a job, Mr. Montgomery is eager to work and is seeking employment through online employment sites. If the condition of home detention is replaced with a curfew, Mr. Montgomery will have more flexibility to look for a job and a greater chance of securing one.

Through his compliance with the conditions of his release while on home detention, Mr. Montgomery has demonstrated that he does not pose a danger to the safety of any other person or the community and that he is not a risk of flight. Therefore, less restrictive release conditions are warranted and appropriate at this time.

Therefore, I respectfully request that the Court modify Mr. Montgomery's bail conditions to replace the condition of home detention with a curfew condition, with hours and technology to be set by Pretrial Services.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Amy Gallicchio*

_____

Amy Gallicchio
Assistant Federal Defender
Office: (212) 417-8728
Cell:    (917) 612-3274

cc:   AUSA Getzel Berger
      PTSO Jonathan Lettieri

The foregoing request to modify the terms of Mr. Montgomery's bail, made by Defense counsel with the consent of the Government and Pretrial Services, is granted. Mr. Montgomery's home detention condition is hereby removed and will be replaced, effective August 25, 2025, with a curfew condition, with hours and location monitoring technology to be set by Pretrial Services.

Accordingly, Mr. Montgomery must comply with the below conditions:

Mr. Montgomery will be monitored by location monitoring technology, as administered by Pretrial Services, and must abide by all technology requirements. He must pay all or part of the costs of participation in the location monitoring program as directed by the Court and Pretrial Services. The location monitoring technology may be determined at the discretion of Pretrial Services. Mr. Anderson is restricted to his residence in the evening, at hours as directed by the supervising officer (Curfew).

This resolves docket entry no. 86. The Clerk of Court is respectfully requested to file this endorsement in case no. 24-CR-479-1.  SO ORDERED

/s/ Laura Taylor Swain, Chief U.S.D.J.
Dated: August 22, 2025